Dear Senator Adley:
On behalf of Jefferson Island Storage Hub, L.L.C. ("Jefferson Island"), you have requested an Attorney General's opinion regarding the ad valorem tax exemption of the underground salt caverns owned by the State of Louisiana and leased to Jefferson Island for the storage of natural gas supplies.
The relevant facts are as follows: Jefferson Island operates a natural gas storage facility in the underground salt caverns in Iberia Parish located beneath Lake Peignur. The State of Louisiana owns the pertinent salt dome and the salt caverns. The State leases these salt caverns to Jefferson Island for the operation of their natural gas storage facility. Various entities contract with Jefferson Island for the storage of natural gas supplies.
La.Const. Art. VII, Sec. 21 provides an exclusive list of property that shall be exempt from ad valorem taxation. "Public lands; other public property used for public purposes" is included within the list of exempt property. Article VII, Section 21(A). This office has consistently employed the two-part test adopted by the Louisiana Supreme Court to determine the tax exempt status of public property. La. Atty. Gen. Op. No. 06-0047; see also Slay v. Louisiana Energy and Power Authority,473 So.2d 51 (La. 1985). Under this test, in order to be exempt from ad valorem taxes, the property (1) must vest in the public; and (2) must be used for a public purpose. Id.
In the present matter, the first prong of the test is met since the State owns the property in question. The fact that the property is leased to Jefferson Island is of no consequence, as this office has previously recognized that the fact that public property is leased to a private entity does not preclude it from being used for a public purpose so as to be exempt. La. Atty. Gen. Op. No. 93-392. *Page 2 
The second requirement necessary to establish ad valorem tax exemption status is that the public property be used for a public purpose. The Louisiana Legislature has recognized, in La.R.S. 30:22(A), that
 [t]he underground storage of natural gas which promotes conservation of natural gas, or which permits the building of large quantities of natural gas in reserve for orderly withdrawal in periods of peak demand, making natural gas more readily available to the consumer, or which provides more uniform withdrawal from various gas or oil field, each is in the public interest and for a public purpose. [Emphasis added]
The question arises, of course, whether the Louisiana Legislature can define what constitutes "use for public purposes" as required by the 1974 La.Constitution in Article VII, Sec. 21; i.e. the Constitution trumps, and is controlling as law, a Legislative statute. However, this question is answered by the Louisiana Supreme Court case of Louisiana Energy andPower Authority, supra, wherein the Court found that the Louisiana Energy and Power Authority ("LEPA") was created to provide a public service.473 So.2d 51, 54. More specifically, the Court stated that La.R.S.33:4545.2 and La.R.S. 33:4174, respectively, provided that
 LEPA was created `to insure an adequate, reliable and economical supply of electric power and energy to the participating municipalities.' In the case of LPPA [Lafayette Public Power Authority], the Legislature mandated a liberal construction of the authorizing statute so that `greater economy and efficiency in the providing of electrical and energy services to the citizens of the municipality may be achieved.'
473 So.2d 51, 54. Thus, the Court upheld a Legislative statement of promoting the police powers of the state — ensuring the efficiency of energy services is certainly for the benefit of the public welfare — as a sufficient use for a public purpose.
Furthermore, previous opinions of this office have accepted a legislative statement of public purpose as sufficient to meet the second prong of the ad valorem exemption test. For instance, in Attorney General Opinion 06-0047, this office relied on a legislative declaration "that the existence, development and expansion of commerce and industry are essential to the economic growth of the state and to the full employment, welfare and prosperity of its citizens" to opine that all property held in the name of Industrial Development Boards is exempt from ad valorem taxation in the State of Louisiana. La.R.S. 51:1151; see alsoLa. Atty. Gen. Op. Nos. 93-392 and 89-599.
Based upon the foregoing, it is the opinion of this office that since the salt caverns are owned by the State of Louisiana, then notwithstanding that such caverns are leased to Jefferson Island, a private entity, in accordance with the constitutional and statutory *Page 3 
provisions, and jurisprudential authority quoted hereinabove, the salt caverns in Iberia Parish located beneath Lake Peignur are exempt from ad valorem taxation.
We hope this sufficiently answers your inquiry, however if we may be of further assistance please do not hesitate to contact our office.
 Yours truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY:__________________________
 Megan K. Terrell
 Assistant Attorney General
 CCF, Jr./MKT/tp